## AMERICAN EMPLOYERS' INS. CO. v. PETER GENGLER CO.

### No. 9587.

Court of Civil Appeals of Texas. Galveston. Oct. 29, 1931.

Ressel & Ressel, of Galveston, for appellant.

McDonald & Wayman and H. E. Kleinecke, Jr., all of Galveston, for appellee.

PLEASANTS, C. J.

This is a suit by appellee to recover upon an insurance policy issued to it by appellant.

The policy sued on insured appellee against "the breakdown of any engine or engines located on appellee's place of business in the City of Galveston and described in the declaration attached to and made a part of the policy." The obligations of the insurer are thus stated in the policy:

"(a) To pay the Assured for loss or damage covered by this policy, caused directly and solely by such breakdown to property of the Assured, subject to the limits expressed in Item 5 of the Declarations.

"(b) To settle or to defend in the manner hereinafter set forth against claims covered by this Policy and resulting from the liability imposed upon the assured by law for damages so caused on account of (1) accidental injury, including destruction of the property of others, and/or (2) bodily injuries, including death at any time resulting therefrom, accidentally sustained by any person or persons."

The item of the declaration referred to is as follows: "Item 5. The Corporation's total liability on account of any one accident shall be Twenty Thousand Dollars ($20,-000.00) subject, however, to a limit of liability as respects bodily injuries of Ten Thousand Dollars ($10,000.00) for each person receiving bodily injuries; and, in addition, the sums provided to be paid in Agreement I, subsection (d) of this Policy."

Subsection (d) of agreement I of the policy reads as follows: "(d) To pay all expense incurred by the Corporation for investigation, negotiation and defense of any such claims or proceedings; the expense incurred by the Assured for such immediate medical or surgical relief as shall be imperative at the time any such bodily injuries are sustained; all premiums on attachment and/or appeal bonds required in any such proceedings; all costs taxed against the Assured in any such proceedings; and all interest accruing before or after entry of judgment and up to the date of payment by the Corporation of its share of any judgment."

Agreement V of the policy expressly provides that the policy shall not cover "any loss or damage caused by the stoppage of the plant, works or operations, or other indirect result of breakdown." The policy further provides: "In no case of injury to property of the Assured shall claim be made for more than the actual and immediate damage to such property as insured against estimated according to the true cash value of the property at the time of such breakdown, proper deduction for previous depreciation having been made."

One of the engines covered by this policy broke down, and pending its repair the appellee rented and installed a substitute engine in the operation of its business. This suit is for recovery of damages caused by the breakdown of the engine in the sum of $352.49. The undisputed evidence shows that $73.93 of the amount sued for was for rent paid by appellee for the substitute engine, and for cost of its installation. The remainder of the amount sued for was the cost of repairing the broken engine. Each of these sums is agreed to be reasonable, and appellant admitted in the court below its liability for the cost of repair of the broken engine, but denied any liability for the rent or cost of installing the substitute engine.

The trial in the court below without a jury resulted in a judgment in favor of the plaintiff for the full amount claimed in its petition.

We agree with the appellant that there is no evidence to support the finding and judgment of the court in favor of appellee for the $73.93 rent and cost of installing the substitute engine. It seems clear to us that appellant by the provision of its contract of insurance before set out assumed no obligation to pay this amount, but expressly excluded damage of this kind from the obligation of its contract.

This conclusion requires that the judgment in favor of appellee for the $73.93, rent and cost of installing the substitute engine, be reversed, and judgment here rendered in favor of appellant denying appellee recovery of that amount, and that' the judgment for the remainder of the sum claimed in appellee's petition be affirmed, and it has been so ordered.

Reversed and rendered in part. Affirmed in part.